No. 11,010.

HIGHLAND v. RECKER.

Decided January 5, 1925.  Rehearing denied February 2, 1925.

Action by real estate broker for commission. Judgment for defendant.

*Affirmed.*

1. APPEAL AND ERROR—*Conflicting Evidence—Directed Verdict.* Where there is a direct conflict in the evidence on material issues, a motion for a directed verdict is properly denied.

2. *Fact Findings.* A verdict based on conflicting evidence not disturbed on review.

3. BROKERS—*Real Estate—Contract—Ratification.* In an action for a broker's commission for sale of real estate, acts of the defendant held not to be a ratification of the alleged contract, where there was evidence that he was ignorant of several matters entering into it.

4. INSTRUCTIONS—*Requests.* Requested instructions which do not correctly state the law, or which are covered by instructions given by the court, are properly refused.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. C. S. ESSEX, for plaintiff in error,

Messrs. GOBIN & GOBIN, Mr. S. S. PACKARD, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in an action against defendant in error to recover a commission on a sale of real estate. Verdict and judgment for defendant.

The complaint sets up the making of a sale to a purchaser produced to defendant by plaintiff, and his partner Mihoover, who assigned his interest in the commission to plaintiff. The answer denies that the purchaser was brought to defendant by plaintiff's firm, and alleges that one Pointer, defendant's agent, took defendant to the office of said firm to meet Freeland, the prospective purchaser; that at said office defendant stated the terms of sale, and designated one Gerard, as agent to negotiate a contract of sale, subject to defendant's approval.

It is contended on behalf of plaintiff that the court erred in not sustaining a motion for a directed verdict; that the verdict is contrary to the evidence; and that the court erred in refusing and in giving instructions.

There was a direct conflict in the evidence on material issues, and the refusal to direct a verdict was right. It appears from the record that plaintiff took Freeland to Fowler, and showed him the land in question, supposing it to belong to Pointer who had listed the land with plaintiff's firm; that plaintiff, learning that defendant was the owner, asked Pointer to bring defendant to the office of plaintiff in Pueblo; that Pointer, Gerard, a tenant of the land, and defendant, came to the office on the following day; that defendant stated the terms on which he would sell, and left the negotiations to Gerard; that a contract was executed, Gerard signing as defendant's agent, and deposited as an escrow in a bank at Fowler.

Plaintiff's and Mihoover's testimony was to the effect that before defendant left their office they told him that

they expected a five per cent commission, to which he assented.  One Martin, a witness for plaintiff, gave a different version of the conversation, and defendant testified that he did not know that the firm expected a commission until some days later, when he received a letter from them claiming it.  The evidence being thus in conflict, a verdict for defendant can not be questioned on that issue.

The plaintiff contends, that even if there was no preliminary employment, and though the contract was not according to the terms stated by defendant, his subsequent acts ratified it and justified the claim for a commission.

That the acts of defendant would amount to a ratification, if done with full knowledge, may be conceded, but he testified that he was ignorant of several matters material to the contract, and there is evidence corroborating his testimony.

The objections to the instructions are not well founded.  They cover the plaintiff's theory of the case, advised the jury fully on the question of original employment and of ratification.  Some of the refused instruction did not state the law correctly, and others were covered by the instructions given.

No error appearing on the record, the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.